## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **TONY DIXON, B-15894,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 16−cv–1222−NJR** |
| | ) | |
| **ILLINOIS DEPARTMENT OF** | ) | |
| **CORRECTIONS,** | ) | |
| **WEXFORD HEALTH CARE SERVICES,** | ) | |
| **TERRY WILLIAMS,** | ) | |
| **A/W NICHOLSON,** | ) | |
| **R TAJED,** | ) | |
| **DEPUTY DIRECTOR GOMEZ,** | ) | |
| **A/W COLEMAN,** | ) | |
| **DOCTOR DEVITO,** | ) | |
| **DOCTOR DIANE,** | ) | |
| **DOCTOR GAYLOR,** | ) | |
| **KHADEE AHMED,** | ) | |
| **ADREIN BRYANT,** | ) | |
| **JUAN TELLEZ,** | ) | |
| **N LAMB,** | ) | |
| **MICHAEL LENKE,** | ) | |
| **RN BRENDA,** | ) | |
| **RN SARAH,** | ) | |
| **RN VALERIE,** | ) | |
| **MS. ENGLESON, and** | ) | |
| **ASSISTANCE WARDEN CALHOUN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Tony Dixon, an inmate in Stateville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Given inconsistencies between the complaint (Doc. 1) and the record at this stage, it is unclear whether the events giving rise to Plaintiff's complaint occurred in the Southern District of Illinois at Pinckneyville

1

Correctional Center or the Northern District of Illinois at Stateville Correctional Center. Prior to a preliminary review of the case pursuant to 28 U.S.C. § 1915A, this Court seeks to resolve this ambiguity.

### The Complaint and Record

Plaintiff originally filed a *pro se* complaint (Doc. 1) on April 25, 2016, with the United States District Court for the Northern District of Illinois in Case No. 16-cv-4646. In that case, Plaintiff filed an Application for Leave to Proceed In Forma Pauperis (Doc. 3) and a Motion for Attorney Representation (Doc. 4). Both of these motions were granted May 10, 2016, and Plaintiff was appointed counsel that day. (Doc. 5). The Northern District also granted Plaintiff's Motion for Extension of Time for Appointed Counsel to Complete Initial Investigation on July 22, 2016. (Doc. 10). It then granted Plaintiff leave to file an amended complaint after a status hearing held on September 8, 2016. (Doc. 13).

The Northern District transferred Plaintiff's case to this District citing information it received from Plaintiff's appointed counsel. In its transfer order dated October 20, 2016, the Court cited Plaintiff's counsel's statement that "having investigated the allegations in the complaint and the facts supporting the allegations, it appears that plaintiff's medical claims arise from his incarceration at IDOC Pinckneyville, which is in the Southern District of Illinois, and that he has no current claims regarding his current incarceration at Stateville." (Doc. 15). When the case was transferred, Plaintiff's appointed counsel withdrew. (Doc. 15).

Upon review of Plaintiff's original complaint (Doc. 1), this Court does not find any claims clearly arising from Plaintiff's incarceration at Pinckneyville. The defendants named in the complaint include the Illinois Department of Corrections ("IDOC"), a Deputy Director of IDOC, employees of Stateville Correctional Center, and Wexford Health Care Services, a private

entity. None of the defendants is employed by or located at Pinckneyville. Plaintiff similarly does not clearly allege any violation of his constitutional rights at Pinckneyville, though he makes allegations regarding his conditions of confinement at Stateville and regarding Stateville employees' indifference to his medical needs throughout his complaint. (Doc. 1, p. 7). An amended complaint has not yet been filed in this case.

## Discussion

Given the discrepancy between the facts articulated in the complaint and the indication by Plaintiff's appointed counsel that the only remaining claims Plaintiff has relate to his incarceration at Pinckneyville, this Court seeks clarification of the claims Plaintiff intends to bring before it takes further action in this case. This Court will therefore extend Plaintiff's leave to file an amended complaint by 28 days. On or before February 17, 2017, Plaintiff shall file a "First Amended Complaint" that focuses on his claims arising at Pinckneyville. The instructions and deadline for filing the amended complaint are set forth in the disposition below. If Plaintiff instead wishes to proceed with his claims arising at Stateville, as set forth in the original complaint, he must notify the Court of his intention to do so **in writing** by the same deadline. Failure to either file an amended complaint or file written notice that he intends to proceed with his original complaint will result in dismissal of this action for failure to comply with a court order and/or for failure to prosecute his claims. *See* FED. R. CIV. P. 41(b).

## Disposition

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **February 17, 2017**, in order to address his claims arising at Pinckneyville Correctional Center. Alternatively, Plaintiff is **ORDERED** to file written notice with the Court by the same deadline,

if he intends to proceed with the claims he set forth in his original complaint. **Failure to comply with this Order shall result in dismissal of this action.** *See* **FED. R. CIV. P. 41(b).**

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action (*i.e.* 16-cv-1222-NJR). The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated to one another will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. To enable Plaintiff to comply with this order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form, along with a copy of the original complaint and this Order.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable,

regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  January 20, 2017**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**